■ BARBARA HOWE et al., Respondents, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents, and JOHN SHEFFER II, Appellant.—Per Curiam. Appeal from an order of the Supreme Court (Connor, J.), entered October 10, 1991 in Albany County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, *inter alia,* declare invalid the certificate of nomination naming certain persons as the Conservative Party candidates for the office of Justice of the Supreme Court for the 8th Judicial District in the November 5, 1991 general election.

On September 21, 1991, the Conservative Party Judicial Nominating Convention for the 8th Judicial District was held to nominate candidates to fill four vacancies for the office of Justice of the Supreme Court. While four names were put into

nomination, only respondents Norman J. Wolf, Jr. and John Sheffer II were found to be duly nominated as they received 19 votes from the 19 delegates present. Petitioner Barbara Howe and respondent Joseph Gerace, the other two names put into nomination, were not nominated having failed to receive affirmative votes by a majority of the delegates. Petitioners argue that, because no votes were cast against said candidates and no one specifically abstained, both Howe and Gerace did, in fact, receive a majority of votes of those delegates who voted. This conclusion, they argue, is in accordance with article VII, § 4 of the Conservative Party rules which provides, in pertinent part, that "[a]ll nominations at any convention shall be made by a majority of the delegates present *and voting*" (emphasis supplied). Despite the fact that Howe received only seven votes and Gerace three votes, Supreme Court, relying on this rule and *Matter of Monroe v New York State Bd. of Elections* (35 NY2d 738), agreed with petitioners and granted their petition to declare Howe and Gerace, along with Wolf and Sheffer, as the Conservative Party candidates duly nominated at the convention. This appeal by Sheffer ensued.

As there is a discrepancy over how the voting occurred, we initially find that the unrefuted evidence by those present at the convention indicates that the delegates voted for up to four names during one roll call vote after all four names were put into nomination. The evidence further reflects that when the delegates were each called on to vote during the one roll call taken, they only voted for the candidates they wanted nominated without casting an explicit vote against a given candidate. Contrary to petitioners' contention, however, the conclusion does not follow that only seven people voted in Howe's case and three in Gerace's case and that they, therefore, each received a majority of votes of those delegates voting. Rather, the only logical conclusion is that, during this one roll call vote, all 19 delegates voted. While they might not have explicitly stated that they were voting against a given candidate, petitioners failed to provide any evidence that the delegates were required to do so. As Howe and Gerace failed to receive a majority of votes from the 19 delegates "present and voting", they were not duly nominated at the convention. In conclusion, we do not find this result to in any way conflict with the holding in *Matter of Monroe v New York State Bd. of Elections (supra)*.

Mahoney, P. J., Casey, Mercure and Crew III, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and petition dismissed.